ANNA MONDON, PLAINTIFF-APPELLANT, v. PATERSON NATIONAL BANK, DEFENDANT-RESPONDENT.

Submitted October 22, 1941—Decided January 9, 1942.

For the appellant, *Loftus & Williams* (*Martin J. Loftus*, of counsel).

For the respondent, *Garret Van Cleve* (*I. Arthur Weiss*, of counsel).

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a final judgment against the plaintiff-appellant and in favor of the defendant-respondent, upon the striking of a complaint, which was of two counts, one alleging conversion and the other conversion with fraudulent intent to deprive the plaintiff, the beneficiary of a policy of insurance, of the benefits thereof.

The policy had been assigned to the respondent as collateral against certain indebtedness of one Rose Hafner, and after the payment of that obligation was held as collateral for the payment of certain obligations of Harry H. Mondon, the assured, and Harry H. Mondon, Inc., to the respondent bank, under another and subsequent assignment.

The premiums falling due were not paid and the policy lapsed. At such time the policy having a cash surrender value of $3,326 and the assured having an unpaid loan, due the insurer, amounting to $2,570, and interest, against the

same, the insurance company charged the latter against said surrender value and the balance was used by it in "extended insurance" of $7,175 to January 4th, 1936, all of which was done under the terms of the contract of insurance. This is the uncontradicted proof.

Whether this contract of insurance was properly and legally held by the respondent or not there is, in the record, no showing of any loss to the appellant because thereof, nor of any financial or other benefit to the respondent.

Stripped of all other matters, controverted or otherwise, the paramount question presented is whether, under the conditions here presented, the respondent bank holding the policy of insurance was under any obligation to pay the premiums falling due thereon and keep it in force and effect unless there was a specific agreement to that effect. No such agreement was pleaded or attempted to be established.

We find there rested no such obligation upon the respondent. 29 *Am. Jur.*, § 425; 37 *C. J.* 436, § 148; 25 *Cyc.* 775, *note* 69; 19 *Am. and Eng. Encycl.* 88; 3 *Couch Cycl. of Ins.*, § 608A; 1 *A. L. R.* 1671.

We conclude that the complaint did not present a legal cause of action and was, therefore, properly stricken.

The judgment is affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Colie, Dear, Wells, Wolfskeil, Rafferty, Hague, Thompson, JJ.   16.

*For reversal*—None.